UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ADRIAN L. MITCHELL,

                    Plaintiff,

    -vs-                           **No. 1:14-CV-00418 (MAT)**
                                           **DECISION AND ORDER**
CAROLYN W. COLVIN, ACTING
COMMISSIONER OF SOCIAL SECURITY,
                    Defendant.

---

**I.   Introduction**

Represented by counsel, Adrian Mitchell ("plaintiff") brings this action pursuant to Titles II and XVI of the Social Security Act ("the Act"), seeking review of the final decision of the Commissioner of Social Security ("the Commissioner") denying his applications for disability insurance benefits ("DIB") and supplemental security income ("SSI"). The Court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g). The matter was initially before the Court on the parties' cross motions for summary judgment.[1] The parties' motions were referred to Magistrate Judge Leslie G. Foschio for consideration of the factual and legal issues presented, and to prepare and file a Report and Recommendation ("R&R") containing a recommended disposition of the issues raised.

---

[1] This case was originally assigned to Judge Richard Arcara, who referred it to Magistrate Judge Foschio for a Report and Recommendation, which was completed and filed on June 10, 2016. See doc. 11. The case was referred to this Court by order dated November 8, 2016.

By R&R dated June 10, 2016, Magistrate Judge Foschio found that plaintiff met the requirements of Listing 12.05(B), and therefore recommended that this case be reversed and remanded solely for the payment and calculation of benefits. Doc. 11. The Commissioner filed Objections on June 23, 2016. Doc. 12. For the reasons set forth below, the Court adopts the R&R in its entirety.

**II.  Procedural History**

The record reveals that in July 2010, plaintiff (d/o/b May 30, 1985) applied for DIB and SSI, alleging disability as of January 1, 2010. After his applications were denied, plaintiff requested a hearing. However, plaintiff failed to appear for hearings scheduled for November 29, 2011 and April 13, 2012. ALJ Nancy Pasiecznik ("the ALJ") issued a notice to show cause for failure to appear at the hearings. Plaintiff responded and stated that his learning disability caused him "extreme difficulty with dates and times," and further explained that he did not appear for the April 13, 2012 hearing because of "extreme low back and leg pain." T. 153. The ALJ found that plaintiff did not have a good reason for missing his hearings, and proceeded to decide plaintiff's application based solely on the administrative record which included plaintiff's medical record submitted by his attorney. The ALJ issued an unfavorable decision on September 28, 2012. The Appeals Council denied review of that decision and this timely action followed.

The R&R contains a thorough summary of the medical record and the administrative hearing, as well as a summary of the ALJ's

decision. The Court incorporates those portions of the R&R by reference.

### III. Report and Recommendation

The R&R focused on plaintiff's mental impairments, specifically evidence of intellectual disability pursuant to Listing 12.05(B). That listing provides, in relevant part, that a plaintiff is intellectually disabled if he or she has significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period, and has a valid verbal, performance, or full-scale IQ of 59 or less. See 20 C.F.R. Part 404, Subpart P, Appendix 1, § 12.05(B). Dr. Thomas Ryan, Ph.D., a consulting state agency psychologist, conducted an intelligence evaluation, the results of which he "considered a valid and reliable estimate of [plaintiff's] current functioning." T. 344. Dr. Ryan found that plaintiff had a full-scale IQ of 59. He noted that plaintiff was unable to complete processing speed tasks due to a hand injury, but that "the Full Scale IQ was prorated accordingly." T. 345. Thus, Dr. Ryan assessed plaintiff with a full-scale IQ of 59, even considering plaintiff's deficits in processing speed due to physical impairment.

State agency consultant Dr. Mangold, who reviewed the record but did not examine plaintiff, opined in a Psychiatric Review Technique ("PRT") questionnaire that Dr. Ryan's IQ score "appear[ed] to be an underestimate of [plaintiff's] intellectual abilities." T. 363. Dr. Mangold based this finding on plaintiff's

3

report that he had a driver's license (although he did not drive) and the fact that plaintiff had "held a number of jobs entailing simple repetitive work and appear[ed] to be mentally capable of doing such work." T. 363. The ALJ rejected Dr. Ryan's full-scale IQ result, instead giving weight to Dr. Mangold's conclusion that the score "underestimated" his functioning.

The R&R found that the ALJ erred in crediting Dr. Mangold's opinion over Dr. Ryan's. Ultimately, the R&R concluded that the record persuasively established plaintiff's disability and that further administrative proceedings would serve no purpose. Accordingly, the R&R recommended that the case be reversed and remanded solely for the calculation and payment of benefits.

**IV. Discussion**

When reviewing a magistrate judge's report and recommendation, a district court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made[,]" 28 U.S.C. § 636(b), and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge[.]" Id. Where an objection does not raise new arguments but merely reiterates those raised on the original motion, the Court reviews an R&R for clear error. See, e.g., Jaroszynski v. Barnhart, 2004 WL 1812706, *2 (W.D.N.Y. Apr. 28, 2004).

The Commissioner objects to the R&R and argues that it suffers from clear error. Specifically, the Commissioner argues that the

4

R&R "err[ed] in conflating the term 'valid' with whether the IQ test was 'properly conducted.'" Doc. 12 at 4. The Commissioner contends that, despite Dr. Ryan's finding that plaintiff had a full-scale IQ of 59, the ALJ properly discounted the IQ result in favor of Dr. Mangold's conclusion that the IQ score underestimated plaintiff's abilities. The Court disagrees, and finds no clear error in the R&R.

Dr. Ryan opined that the results of his IQ testing were valid and a reliable estimate of plaintiff's functioning. Dr. Mangold's opinion to the contrary did not constitute substantial evidence supporting the ALJ's decision to discard Dr. Ryan's assessment that plaintiff's full-scale IQ was 59. "[I]t is improper to rely on the opinion of a non-treating, non-examining doctor because the inherent subjectivity of a psychiatric diagnosis requires the physician rendering the diagnosis to personally observe the patient." Maldonado v. Comm'r of Soc. Sec., 2014 WL 537564, *15 (E.D.N.Y. Feb. 10, 2014)(quoting Fofana v. Astrue, 2011 WL 4987649, *20 (S.D.N.Y. Aug. 9, 2011) (quoting Velazquez v. Barnhart, 518 F. Supp. 2d 520, 524 (W.D.N.Y. 2007)). "Accordingly, 'the conclusions of a physician who merely reviews a medical file and performs no examination are entitled to little, if any, weight.'" Id. (quoting Filocomo v. Charter, 944 F. Supp. 165, 170 n.4 (E.D.N.Y. 1996)).

Here, there is no indication that Dr. Ryan's IQ result was invalid, and the ALJ's sole reasoning for rejecting Dr. Ryan's assessment was Dr. Mangold's non-examining opinion. See T. 26-27.

5

For the reasons stated in the R&R, however, Dr. Ryan's full-scale IQ assessment provided persuasive evidence of disability. As such, a remand for further consideration would serve no useful purpose. See doc. 11 at 22-23 (citing Muntz v. Astrue, 540 F. Supp. 2d 411, 421 (W.D.N.Y. 2008). Accordingly, the Court adopts the R&R in its entirety.

**V.     Conclusion**

For the reasons discussed in this Decision and Order as well as those set forth in the R&R, the Commissioner's motion for judgment on the pleadings (Doc. 9) is denied and plaintiff's motion (Doc. 7) is granted to the extent that this matter is reversed and remanded for solely for the calculation and payment of benefits. The Commissioner's objections to the R&R (doc. 12) are overruled. The Clerk of the Court is directed to close this case.

**ALL OF THE ABOVE IS SO ORDERED**.

                              **S/Michael A. Telesca**
                              HON. MICHAEL A. TELESCA
                              United States District Judge

Dated:     November 15, 2016
           Rochester, New York.