UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ADRIAN L. MITCHELL,

                Plaintiff,

    -vs-

NANCY A. BERRYHILL,[1] ACTING
COMMISSIONER OF SOCIAL SECURITY,
                Defendant.

**No. 1:14-CV-00418 (MAT)**
**DECISION AND ORDER**

---

## I. Introduction

Represented by counsel, Adrian L. Mitchell ("plaintiff") initially brought this action pursuant to Titles II and XVI of the Social Security Act ("the Act"), seeking review of the final decision of the Commissioner of Social Security ("the Commissioner") denying his applications for disability insurance benefits ("DIB") and supplemental security income ("SSI"). On November 15, 2016, this Court reversed that decision and remanded the case solely for the payment and calculation of benefits. Doc. 17.

Plaintiff now moves for an award of attorney's fees and costs pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, in the amount of $9,478.29, which represents payment for 48.9 hours of attorney time at an hourly rate of $193.83 per hour.

---

[1] Nancy A. Berryhill replaced Carolyn W. Colvin as Acting Commissioner of Social Security on January 23, 2017. The Clerk of the Court is instructed to amend the caption of this case pursuant to Federal Rule of Civil Procedure 25(d) to reflect the substitution of Acting Commissioner Berryhill as the defendant in this matter.

The Commissioner has filed a response opposing plaintiff's motion. For the reasons set forth below, this Court grants Plaintiff's motion for EAJA fees.

## II. Discussion

The EAJA provides in relevant part that:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, ... incurred by that party in any civil action ... brought by or against the United States ... unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). The Commissioner argues that plaintiff's EAJA request should be denied because her position in the underlying case was "substantially justified." Doc. 20 at 2-6.

In a report and recommendation ("R&R") completed in this case, Magistrate Judge Leslie G. Foschio found that the ALJ improperly credited the opinion of a reviewing state agency psychologist, Dr. Mangold, over that of an examining state agency psychologist, Dr. Ryan, who concluded that the plaintiff had an IQ of 59 which would result in a presumptive finding of disability under the Listings. See 20 C.F.R. Part 404, Subpart P, Appendix 1, § 12.05(B). Despite this valid IQ finding, the ALJ credited Dr. Mangold's conclusion that Dr. Ryan's IQ score "appear[ed] to be an underestimate of [plaintiff's] intellectual abilities." T. 363. This Court agreed with Judge Foschio's finding that the ALJ erred

and adopted the R&R in its entirety in its Decision and Order dated November 15, 2016.

As the Court pointed out in its Decision and Order remanding this case, under relevant precedent "it is improper to rely on the opinion of a non-treating, non-examining doctor because the inherent subjectivity of a psychiatric diagnosis requires the physician rendering the diagnosis to personally observe the patient." Maldonado v. Comm'r of Soc. Sec., 2014 WL 537564, *15 (E.D.N.Y. Feb. 10, 2014)(quoting Fofana v. Astrue, 2011 WL 4987649, *20 (S.D.N.Y. Aug. 9, 2011) (quoting Velazquez v. Barnhart, 518 F. Supp. 2d 520, 524 (W.D.N.Y. 2007))). "Accordingly, 'the conclusions of a physician who merely reviews a medical file and performs no examination are entitled to little, if any, weight.'" Id. (quoting Filocomo v. Charter, 944 F. Supp. 165, 170 n.4 (E.D.N.Y. 1996)).

Considering the well-established precedent, the Court rejects the Commissioner's argument that its position in the underlying case was "substantially justified" for purposes of the EAJA. See, e.g., Rugless v. Comm'r of Soc. Sec., 2014 WL 2648772,*4 (W.D.N.Y. June 13, 2014) (noting that it is the Commissioner's burden to make a "strong showing" that its position was "substantially justified," and finding that where an ALJ fails to apply the correct legal standard, Commissioner's opposition is not substantially justified for purposes of the EAJA). Accordingly, the Court finds that the

Commissioner was not substantially justified in defending the ALJ's rejection of Dr. Ryan's valid, listing-level IQ score.

The Court must next determine if the hours expended and the rates charged by plaintiff's attorney are reasonable, which remains the burden of the fee applicant. See Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). In this Circuit, "[t]he lodestar approach governs the initial estimate of reasonable fees." Grant v. Martinez, 973 F.2d 96, 99 (2d Cir. 1992). Under this approach, "the number of hours reasonably expended on the litigation [are] multiplied by a reasonable hourly rate." See Hensley, 461 U.S. at 433; Grant, 973 F.2d at 99. The government argues that the request for fees is excessive and should be reduced.

The Court has broad discretion to determine the amount of time reasonably expended, but is not required to "scrutinize each action taken or the time spent on it" when determining what is reasonable. Aston v. Sec'y. of Health and Human Serv., 808 F.2d 9, 11 (2d Cir. 1986). District courts in this Circuit have held that a routine social security case generally requires between twenty and forty hours of attorney time. See e.g., Cruz v. Apfel, 48 F. Supp. 2d 226, 230 (E.D.N.Y. 1999); Grey v. Chater, 1997 WL 12806 at *1 (S.D.N.Y. 1997); Greenidge v. Barnhart, 2005 WL 357318 at note 16 (N.D.N.Y. 2005). This may include the time spent on EAJA fee applications. See Trichilo v. Sec'y of Health and Human Servs., 823 F.2d 702, 708 (2d Cir. 1987).

Plaintiff's attorney, Kenneth Hiller, Esq., submitted an affidavit in support of this motion which indicates that he spent 31.0 hours working on plaintiff's case, including one hour spent preparing the instant motion. Doc. 19-2. Timothy Hiller, Esq. submitted an affidavit indicating that he spent 17.9 hours working on plaintiff's case, including 0.5 hour preparing the instant motion. Taken together, the hours claimed total 48.9. Plaintiff's attorneys seek hourly compensation at the rate of $193.83 per hour, which they aver is the appropriate hourly rate under the EAJA after adjustment for inflation using the current Consumer Price Index. See Ventura v. Barnhart, 2007 WL 1051846, *3 (D. Conn. Mar. 2, 2007) ("Courts in the Second Circuit have repeatedly approved fee applications under the EAJA based upon an hourly rates adjusted to reflect increases in the Consumer Price Index.") (citing cases).

Applying the relevant legal principles, the Court finds that the amount of attorney's fees requested is reasonable and rejects the Commissioner's argument that the request is excessive. Considering the work required in litigating this case, which included reviewing the lengthy administrative transcript, reviewing the R&R, responding to the Commissioner's objections to the R&R, and preparing the instant motion, the hours claimed by plaintiff's attorneys are not unreasonable. Accordingly, plaintiff is awarded $9,478.29 in attorney's fees under the EAJA.

**III. Conclusion**

For the foregoing reasons, plaintiff's motion for attorney's fees (doc. 19) is granted. The Commissioner is directed to remit to plaintiff's counsel $9,478.29.

**ALL OF THE ABOVE IS SO ORDERED.**

**S/Michael A. Telesca**
HON. MICHAEL A. TELESCA
United States District Judge

Dated:   March 17, 2017
         Rochester, New York.